* Sewall, J.
Upon these pleadings, terminating in an [ * 338 ] issue of law, the averments in the plaintiff’s replication are more immediately referred to the consideration of the Court. The plaintiff relies upon the circumstance of a citizenship and residence within this state, when his demand against the defendant first accrued as a debt, when a judgment was recovered upon it in the state of Rhode Island, and when the defendant was there discharged under the provisions of the statutes for the relief of insolvent debtors, as set forth in his plea in bar. The question to be determined is, then, whether the statutes pleaded by the defendant operate to bar the right, and as dissolving or releasing the contract; or as a bar only of alb legal remedies, when pursued within the state of Rhode Islasid.
The decision in the case of Baker vs. Wheaton, cited in the argument for the defendant, is placed altogether upon the ground that the contract originated between citizens of the state of Rhode Island, and that it remained due there, the creditor and debtor continuing members of that state until the latter obtained a legal discharge under the insolvent laws there in force. A subsequent assignment of the contract, to a citizen of this state, was not allowed to have *336 the effect of reviving it against the debtor. We recognize as a principle settled by the decision, that before the assignment the contract was determined, or all legal remedies upon it had been taken away, by the lex loci, where both parties were subject to the provisions and effect of the statutes of insolvency. An assignment of the demand, although the evidence existed in the form of a negotiable note, discredited, however, and long due, passed nothing to the endorsee which he could enforce against the operation of statutes which, under these circumstances, had put an end to the contract itself, or to all remedies upon it, to be pursued under the title of the original creditor, holding the demand when the debtor was discharged, both being at the time citizens of the same state.
*The council for the defendant in the case at bar have contended, in the argument, that a judgment recovered in any state is to the same purpose local, whoever may be the creditor, whether a citizen or a stranger there, or whatever may have been the state of the contract in this respect before the judg ment recovered upon it; that this submission of his demand to the jurisdiction of the state subjected the creditor to the laws of tha jurisdiction, and that the implied contract arising upon a judgment as evidence of a debt, is to be construed according to the law of the place where the judgment was rendered.
On the other hand, upon the averments admitted by the demurrer, that the creditor, in the case at bar, has never been, by his. residence, a member of the state of Rhode Island, or subject to its laws, his counsel has contended against any subjection to them by his attempt there to enforce his demand against his debtor, then residing within that state. And we are of opinion that a contract, upon which a transitory action arises, is not rendered local by a judgment recov-r ered upon it. The direct means of carrying judgments into effect are necessarily local, from the reference which the execution, or a scire facias to have execution, has to the record of the judgment, to be thereby enforced according to the authority of the jurisdiction where the judgment was rendered. But as evidence of a debt, whether prima- facie or conclusive evidence, the implied promise arising upon a judgment seems to be no more local than any other contract is, whether express or implied. The demand sued by this plaintiff against the defendant in the state of Rhode Island, there passed in rem judicaium; but the judgment, until reversed or satisfied, is evidence of a contract between the same parties provable in another form, with the same effect. The judgment is adduced here, as evidence of a just demand, and to obtain a remedy to enforce it according to our laws; and the insolvent laws of Rhode island, or the protection under them enjoyed by the defendant in *337 that state, are no answer in this state to an action upon this demand, * unless the debt, as well as the remedy [ * 340 J upon it, have been abolished and defeated.
The provisions of the insolvent laws, pleaded by the defendant, do not profess to give the defendant a discharge to that effect, under the circumstances of this case; that is, where the insolvent debtor was not in custody, and where the creditor has not availed himself of the assignment of the debtor’s effects, or has neglected to prove his demand before the commissioners.
There is, indeed, some obscurity on this subject in the provisions of the act of 1756, recited in the plea at bar. Insolvent debtors in custody are to be set at liberty by virtue of a written order to the sheriff; which is also to operate, to all intents and purposes, as a full and perfect acquittance, release, or discharge, made and executed by such creditor or creditors; that is, such as have become parties to the proceedings upon the application of the insolvent debtor ; as it must be understood according to the directions in the former part of the same section, and in the next preceding section of the statute. For it is subsequently provided, that if any creditor shall refuse to bring in and prove his demand, &c., in that case he shall not have any action or suit within the colony, and that act being pleaded, shall be sufficient to bar the same.
A more ample discharge by a local statute would not, however, have any different operation in this respect; for a discharge of that nature can only operate where the law is made by an authority common to the creditor and the debtor in all respects, where both are citizens and subjects.† In any case, it is a bar of all remedy, within the jurisdiction where the statute is in force; but the debt and duty remain, until discharged in another manner, and upon other considerations ; and in this view of the subject we see no difference that can be insisted on, between the original demand, which was the foundation of the judgment, and the judgment itself, (a)

Replication adjudged good.

*338 ADDITIONAL NOTE.
[See Smith vs. Bennett, 17 Wend. 479.
In Illinois, the discharge of an insolvent debtor, under the bankrupt law of a sister state, is no bar to an action. — Mason vs. Wash, 1 Bre. 17.
A certificate, obtained under a state insolvent law, by which a party is exempted fiom arrest for all previous debts, is no bar to an action commenced by arrest in another state. — Boston, &c., vs. Wallack, 8 Pick. 186.
The defendant, residing in New York, gave there a negotiable note to the agent of a corporation established in Massachusetts, for goods sold. The agent resided in New York, but the defendant knew that the corporation was the real party interested. He afterwards made an assignment, and obtained a certificate in the above form. Held, the corporation might legally commence a suit here by arresting him, and recover the same judgment and execution, as if no such certificate had been obtained. —Ibid.
Whether the defendant has any remedy for such arrest on mesne process, or exe cation — Quccre. —Ibid.
A, residing in New York with the purpose of becoming a citizen, as agent of the plaintiff, a citizen of Massachusetts, sold goods to the defendant, a citizen of New York¡ took his negotiable note therefor, payable to A in three months, and immediately transferred it to the plaintiff. The defendant afterwards obtained a discharge in New York, as an insolvent. Held, the plaintiff might maintain an action on the note against the defendant. — Braynard vs. Marshall, 8 Pick. 194.
A. discharge obtained in another state under a state insolvent law, upon a surrender of property, so far as it concerns a contract subsequent to the passage of the law, between citizens of that state, and to be performed within it, is constitutional, and a good defence against an action brought in Massachusetts. — Betts vs. Bagley, 12 Pick. 572.
In giving effect to the local law of another state, by which a contract there made is discharged, the court will also give effect to a rule of evidence, accompanying and making part of such law, and providing for the mode of proving the discharge. Thus, if the discharge is there made conclusive evidence of the facts therein set forth, it will be so regarded in Massachusetts. — Ibid.
An insolvent discharge, obtained in New York, is no bar to a suit in a court of that state, on a contract made in another state subsequent to the passage of the insolvent act, between persons not citizens of New York at the time of the contract, though, before presentment of the petition for discharge, they became such.— Witt vs. Follett, 2 Wend. 457.
Such discharge, from all the party’s debts, is a defence to an action upon a contract made and to be executed in New York; though the creditor is a non-resident, and neither joined in the petition for discharge, nor accepted a dividend. — Parkinson vs. Scoville, 19 Wend. 150.
If a judgment has been recovered before the discharge, the insolvent, having no opportunity to plead it, will be relieved on motion, and a perpetual stay of proceedings ordered. —Ibid.
In Connecticut, a certificate of discharge under the insolvent law of New York is no bar to an action in favor of a citizen of Connecticut, upon a contract made in New York. —Norton vs. Cook, 9 Conn. 314.
So, although the creditor, with the debtor, appeared before the judge by whom the petition was tried, at a time appointed, and both parties were fully heard thereupon —Ibid. — F. H.]

 ADDITIONAL NOTE.
[8 Pick. 196, Smith vs. Parsons. — 1 Ohio, 236.—F. H.]

 Bradford & Al. vs. Farrand, 13 Mass. Rep. 18. — Le Roy vs. Crowningshield, 2 Mass. Rep. 151. — Van Reimsdick vs. Kane & Al., 1 Gal. 371. — Smith vs. Buchanan, 1 East, 6.— Quin vs. Keefe, 2 H. Bl. 553. — Beawes, 543.— Cooke, B. L. 465.— Watson vs. Renton, 2 Bell. Com. 693.—Lewis vs. Owen, 4 B. & H. 654.—And see farther, as to the effect of bankrupt or insolvent laws, Blanchard vs. Russell, 13 Mass. Rep. 1.— Tappan vs. Poor Al., 15 Mass. Rep. 419. — Sturges vs. Crowningshield, 4 Wheaton, 122. — M'Mcllan vs. M’Neil, 4 Wheat. 209.— Ogden vs. Sanders, 12 Wheat. 213. — Hinckley vs. Morean, 3 Mason, 88. — Shieffelin vs. Wheaton, 1 Gal. 442. — Babcock vs. Weston, 1 Gal. 168. — Bank of Scotland vs. Cutkbert, 1 Rose, 462.— Odwin vs. Forbes, Buck, 57. — Ed.]