The opinion of the Court was drawn up by
Parker C. J.
[After stating the pleadings in the first case.] There is no occasion to consider the general question of the validity of the statute under which the defendant claims to be discharged from this and all his other debts, nor to examine die character of this statute, which has been justly denounced by the highest judicial authorities of the Slate in which it was passed, as unwise, impolitic and unjust, and in truth as being a legislative violation of the most obvious and essential principles established and sanctioned by all civilized people for the security of property and the maintenance of honesty and good faith in the community.
The statute is wholly nugatory and void in relation to the contract sought to be enforced by this action, it being a palpable violation of the constitution of the United States, which expressly prohibits any State from enacting any law which shall impair the force and obligation of contracts. This Court has decided in the case of Blanchard v. Russell, 13 Mass. R. 1, that an insolvent law of any State can have no operation upon a pre-existing contract, and this principle has not been questioned by the Supreme Court of the United States, or any one judge thereof, in any of the cases which have come under the cognizance of that court.[1]
The only question then, which has required consideration m this case, is, whether the plaintiffs by their acts, viz. coming in under the commission, proving their debts and receiving a dividend, great or small, (for the amount is not stated in the plea,) have given validity to a discharge otherwise void, that is, by assent to or ratification of the doings of the recorder under this void statute.
It has been argued that the proceedings are not void but voidable, and therefore may become valid by the consent or ratification of the party whose interests are affected. But an ict of the legislature which it has no constitutional right or power to pass, is a nullity, and all proceedings under it are *454 void. The acts of individual citizens can give no force or effect to them. Besides, in the case presented by the plea, the proceedings of the plaintiffs ought to be considered as compulsory rather than voluntary, and therefore cannot amount to a ratificaron, if a void act could be ratified. The act was clothed with all the usual legislative sanctions. Citizens would not be prompt to suspect that the sovereign guardian authority of their country had abused or violated their trust. They see the property of their debtor sequestrated, and are threatened with the loss of the whole unless they take measures to preserve a part. They are under a moral duress, and ought not to be held to have aided in raising the storm, merely because they try to save something from the wreck.
By the statute then considered in force in New York all the property of the debtor was sequestered, so that it could not in any way be reached by writ or execution. The debtor was to be discharged from all his debts on his own application without the consent of any of his creditors. The presumption is always in favor of legislative acts clothed with the forms prescribed by the constitution. The creditor sees that the property is all to be distributed ; and according to the tenor and terms of the law, unless he takes a share he can never get any thing. He does not know that the act is void, and ignorance under such circumstances will relieve him from the effect of acts which might otherwise be evidence of assent, for he is ignorant only of what the legislature itself must charitably be presumed to have been ignorant, viz. that in passing the act they were acting wholly without authority.
It is argued that every citizen or subject is presumed to as sent to the laws of his own government, in regard to the sub jects of other governments. This is a just and necessary principle, but it does not apply to the case, for here there was no law to assent to, and it is not the right of a citizen of another government which is in question, but the controversy is between two subjects of the same government; or if the plaintiffs were not citizens of New York, then this principle of assent does not apply at all.
It is said that by a decision of this Court, it was held that a citizen of Rhode Island was bound by the laws of that State, *455 wiien a citizen of another State might not he so bound. T.< ue ; but the Court is speaking of laws, and not of unauthorized acts ; and the question was only of such laws as had force w thin, but not without the territory where they were made. The right of the legislature of Rhode Island to make such a law was not drawn in question ; it was made long before the contract to which in that case it was applied. The case in 10 Mass. R. 337, recognises no other principle. But it is said the plaintiffs have elected to take their dividend. An election under such circumstances, it has been shown, is not binding. Nothing short of a discharge given by the plaintiffs could annihilate their claim, and indeed it seems very clear that by the general laws of New York, unless there were a discharge under seal amounting to a release, payment of less than the whole debt cannot be pleaded or given in evidence as a satisfaction and discharge of a contract.
In England one who proves his debt under a commission of bankruptcy may, on petition to the lord chancellor, be allowed to withdraw his claim and proceed at law. And this may be done even by one who is chosen assignee. Ex parte Williamson, 1 Atk. 83; Ex parte Lindsey, ibid. 220; Ex parte Ward, ibid. 153; Ex parte Salkeld, 1 P. Wms. 562. Probably not so after receiving his dividend ;[1] but these are cases where there is a valid commission of bankruptcy. The case before us is where it is invalid. A creditor has not the means of knowing what was the evidence on which the party was declared a bankrupt, and by proving his debt he at most gives credrt to the petitioning creditor, and the commissioners, that the former has not sued out a commission, nor the latter declared the party bankrupt, without proper grounds ; and it is not reasonable that he should be put to the dilemma of being barred by a certificate, or of being taken to have admitted that every act necessary to support the commission really existed. 2 Stark. Ev. 33; Rankin v. Horner, 16 East, 191; Collins v. Forbes, 3 T. R. 322. A commission of bankruptcy in England is involuntary against the bankrupt. It is a suit by one creditor for the benefit of all, and the property is forcibly *456 taken for the purpose of distribution. In the case' before us the whole proceedings are at the instigation of the. debtor. His assignment is voluntary, and his purpose is to defeat his creditors of their claims. There may then be good reason in that country for inferring assent from facts which will not admit of the same inference here. We think for these reasons the facts set forth in the plea are no bar to the action. The defendant may have the benefit under the general issue of any dividends which may have been received by the plaintiffs ; they will be construed to be payment pro tanto.
We see nothing to distinguish the several cases or to take either of them out of the principle of this decision. The contracts were all made before the passing of the statute, and whether the debts became payable before or afterwards can make no difference. Whether a dividend has been received or not, makes no difference ; nor that the plaintiff in one of the cases was chosen and acted as assignee. For the reasons before given, no assent can be inferred from any acts done under a statute which is altogether void and inoperative.

 See Pitkin v. Thompson, 13 Pick. 64; Blake v. Williams, ante, 306 • 2 Kent’s Comm. (3d ed.) 392, 393.

 See 2 Kent’s Comm. (3d ed.) 393, note a.