Parker C. J.
delivered the opinion of the Court. The questions which arise out of the subject of State insolvent laws, and the effect of discharges under them, have been so long unsettled in this Commonwealth, owing to the unsatisfactory character of the decisions of the Supreme Court of the United States, which ought to govern cases of this nature, that we have waited with anxiety for a revision of all the cases by that high tourt, and a final adjudication upon a subject so universally ineresting, and hitherto involved in so much perplexity. The case of Ogden v. Saunders, seemed, in its progress, to promise such a result, but unhappily, on some of the points which the case presented, the law is left as uncertain as it was before.
One thing however we understand to have been clearly decided by a majority of the justices of that court, and virtually by all, (as those who admit no validity at all to such laws, may be considered as uniting with those who give them only a limited operation,) which is, that discharges under such laws have no 1 effect without or beyond the territory of the State where they are obtained, or against a party not a citizen of that State, or where the suit shall be brought in a court of the United States or of any State other than that in which the proceedings took place, notwithstanding the contract on which the discharge was intended to operate, was entered into and was to be performed in the State in which the discharge was gránted.
Now this law, thus settled, is binding upon this Court, as well on account of the nature of the question, which is peculiarly proper for the decision of the highest court of the nation, as because the case itself, unless restrained by the smallness of the sum in controversy, may be carried to that court by writ of error, and our judgment be reversed ; it being a ques *202 tian, of which, by § 25 of the judiciary act of the United States (of September 24, 1789), that court has jurisdiction.
But even if we were not inclined to repose on the decision in Ogden v. Saunders, but considered ourselves at liberty to resort to general principles, we are disposed to think that the defence set up under the certificate in this case could not prevail. It does not come within the case of Blanchard v. Russell, in which the contract was made in New York, by a citizen of that State, and was to be performed there, it not being transferable in its nature, being matter of account. A negotiable instrument made in New York, and indorsed for a valuable consideration to a citizen of Massachusetts before an application for the benefit of the insolvent law, ought not to be discharged under the process provided by that law. It is a debt payable anywhere, by the very nature of the contract, and it is a promise to whosoever shall be the holder of the note. At the time of the defendant’s application for a discharge, his creditor upon this note was a Massachusetts man, and according to the case of Baker v. Wheaton, 5 Mass. R. 509, the certificate would be no bar to the action. The principle of this case was fully recognised and adopted in the case of Watson v. Bourne, 10 Mass. R. 337. Nor is there any thing in the case of Blanchard v. Russell to controvert these decisions, whatever may have been said arguendo by the judge who delivered the opinion. The contract in that case was in its nature to be performed in New York, and so was to be governed entirely by the laws of that State. The case before us is that of a negotiable promissory note, given in the first place by a citizen of New York to a person resident there, by whom it was immediately indorsed to a citizen of Massachusetts. The promisor became, immediately upon the indorsement, the debtor to the indorsee, who was not amenable to the laws of New York, where the application was- made for relief under the insolvent law.

Defendant defaulted.

[1]

 See Agnew v. Platt, 15 Pick. 417, Betts v. Bagley, 12 Pick. 572; Glenn v. Humphreys, 4 Wash. Circ. C. R. 424; Hobblethwaite v. Batturs, 1 Miles, 82; White v. Canfield, 7 Johns. R. 117; Peck v. Hozier, 14 Johns. R. 346.