Parkinson
v.
Scoville.

PARKINSON *vs.* O. SCOVILLE impleaded with W. SCOVILLE.

An insolvent discharge (discharging the debtor from the payment of all his debts) is an absolute bar to a recovery upon a contract made and to be executed within this state ; although the creditor be a non-resident, and neither united in the petition for the discharge, or accepted a dividend.

If such discharge be granted after judgment upon the contract, as the debtor in such case has had no opportunity to plead the discharge, he will be relieved on motion and a perpetual stay of proceedings on the judgment against him will be granted.

Oct. 1838.     MOTION to set aside execution, &c. on the ground that the defendant Orlan Scoville, upon whom *alone* the declaration was served, had, since the judgment, been discharged as an insolvent debtor, pursuant to 2 R. S. § 15, art. 3.   The action was on a contract made in the year 1835, within this state, and was to be executed within this state ; but the plaintiff then resided and has ever since resided in the state of Pennsylvania.   After judgment recovered, to wit, on the 11th July, 1836, the discharge was granted by a supreme court commissioner in the county of Broome, where the defendant, at the time of making the contract and ever since has resided. The plaintiff did not unite in the petition for the discharge, nor has he accepted a dividend from the estate of the insolvent.   A *fieri facias* has been issued on the judgment to the sheriff of Broome, which the defendant Orlan moves to set aside, and for a perpetual stay of proceedings on the judgment, so far as he is concerned.

O. *Allen*, for the motion.

P. *Cagger*, contra.

*By the Court*, BRONSON, J.   As the defendant has had no day in court to plead this matter, he is entitled to relief on motion, if the discharge is operative against the plaintiff.

The plaintiff, so far as appears, has never been a resident of this state, nor has he in any form acquiesced in the discharge.   But as the contract was made, and was to be ex-

ecuted within this state, the debt was discharged without any reference to the residence of the creditor. 2 R. S. 22, § 30, 32. The two clauses of the 30th section do not limit or qualify each other, but each provides for different classes of cases. The debt is discharged, *first,* where the contract was made within this state; *second,* where the contract was to be executed within this state; *third,* where the creditor at the time of the first publication of notice was a resident of this state; and *fourth,* where the creditor, being a non-resident, either united in the petition for a discharge, or has accepted a dividend from the insolvent's estate. In the two first classes of cases, the residence of the creditor is unimportant; in the two last, the place where the contract was made, or was to be executed, are matters of no moment. The case at bar falls within both of the two first classes and the motion must therefore be granted.

Motion granted.