URIAH R. SCRIBNER & another *vs.* WALDO A. FISHER.

A certificate of discharge under the insolvent laws of this state is a bar to an action on a contract, made by a citizen of this state with a citizen of another state, who does not prove his claim under those laws, if the contract by its express terms is to be performed in this state. METCALF, J. dissenting.

ASSUMPSIT on three promissory notes, bearing date, respectively, of " Lowell, February 19th 1850," " New York, April 3d 1850," and " New York, May 3d 1850," and each payable in six months after date, to the plaintiffs or order, at the Lowell Bank at Lowell in this county. Writ dated December 19th 1850.

The defendant relied upon a certificate of discharge, obtained on the 7th of April 1852, after regular proceedings under the insolvent laws of this commonwealth, and purporting to discharge him from all debts provable under said insolvent laws, and founded on any contract made by him within this commonwealth or to be performed therein, on the 22d of September 1851.

The question, whether the certificate of discharge was a bar to the further prosecution of this action, was submitted to the court upon a statement of facts, in which it was agreed that, at the times of giving these notes, the defendant was a citizen of this commonwealth, residing at Lowell, and the plaintiffs then were and ever since had been citizens of the State of New York, engaged in business in the city of New York; that these notes were sent by the defendants from Lowell to the plaintiffs in New York for merchandise there purchased by the defendant of the plaintiffs; that payment of said notes was demanded by the plaintiffs of the defendant, after they fell due, and before the commencement of this action, but no part of them had been paid; and that the plaintiffs did not prove or offer to prove them against the estate of the defendant under said proceedings in insolvency.

This case was argued at October term 1853, before all the judges, except *Bigelow,* J.

*J. G. Abbott,* for the plaintiffs. These notes were sent by the defendant to the plaintiffs in New York, and thus the contract was made in that state. A contract made in another state with one of its citizens cannot be discharged by the insolvent laws of this state; and the fact that the contract is to be performed in this state cannot affect this question. *Ogden* v. *Saunders,* 12 Wheat. 213. *Savoye* v. *Marsh,* 10 Met. 594. *Fiske* v. *Foster,* 10 Met. 597. *Woodbridge* v. *Allen,* 12 Met. 470. *Tebbetts* v. *Pickering,* 5 Cush. 83. *Clark* v. *Hatch,* 7 Cush. 455. *Palmer* v. *Goodwin,* 32 Maine, 535.

*B. F. Butler,* for the defendant. A note, made in the State of New York, but in express terms payable in this state, is a debt founded upon a contract to be performed within this commonwealth, and is governed, as to its validity, nature, obligation and interpretation, by the laws of this state. And the provision of *St.* 1838, *c.* 163, § 7, discharging contracts to be performed within this commonwealth, is not unconstitutional as impairing the obligation of contracts. The plaintiffs, though citizens of another state, made a contract in reference to and to be governed by the laws of this state, one of which is the insolvent law; and should be held bound by that law, at least when suing in our courts; there being no decision of the supreme court of the United States, or of this court, that contracts to be performed here cannot be so discharged. *May* v. *Breed,* 7 Cush. 15. *Blanchard* v. *Russell,* 13 Mass. 7. *Braynard* v. *Marshall,* 8 Pick. 196. *Betts* v. *Bagley,* 12 Pick. 580. *Agnew* v. *Platt,* 15 Pick. 417. *Osborn* v. *Adams,* 18 Pick. 245. *Savoye* v. *Marsh,* 10 Met. 594. *Fiske* v. *Foster,* 10 Met. 597. *Towne* v. *Smith,* 1 Woodb. & M. 130. *Parkinson* v. *Scoville,* 19 Wend. 150. *Brigham* v. *Henderson,* 1 Cush. 434.

Dewey, J. The case of *Savoye* v. *Marsh,* 10 Met. 594, the leading case upon the validity of a discharge obtained under our insolvent law of 1838, *c.* 163, as against creditors who were citizens of other states, went no further than to hold that such a discharge had not the effect to bar the recovery of a debt due to a citizen of another state, when the contract was not by its terms to be performed in the state enacting such insolvent law.

It was also stated that the cases seemed to go further, and to hold that a state insolvent law could only operate upon the citizens of the state in which the law was enacted. A principle as broad as this seems to be sanctioned by Judge Story, in 2 Story R. 387, and by Chancellor Kent. 2 Kent Com. (6th ed.) 393. And in var'ous cases that have arisen in this commonwealth, since the decision in the case of *Savoye* v. *Marsh,* the principle has been stated thus broadly. But in no case, so far as we are aware, has there been a practical application of the same, or any decision that a discharge under our insolvent laws was not valid against a citizen of another state, where the contract was by its terms to be performed in this commonwealth. The cases that have arisen have all been cases of contract, following the person of the creditor, and legally payable to the holder thereof out of the State, and at his place of residence. Many cases have arisen where the contract was made here, and thus within the terms of the statute, and yet the discharge was held inoperative as against citizens of another state. These decisions were made upon the authority of cases adjudicated by the supreme court of the United States, whose decisions on a question of this nature are guides to which we yield, as the highest expositions of the law. To this extent the decisions of this court have gone, and the point is fully settled in several adjudicated cases cited for the plaintiffs.

We are now brought to the further inquiry, whether a discharge under our insolvent law is also invalid and of no effect, against a creditor residing in another state, when the contract, by its direct terms, is to be performed in Massachusetts. A close scrutiny of the cases decided by the supreme court of the United States has failed to furnish us with any decision of that tribunal, which fully meets that point. Individual judges have stated the principle, in broad terms, that the insolvent laws of one state cannot affect the rights of citizens of other states ; but the cases themselves seem not to have embraced the case at bar. This question is an open one, as respects any authoritative decision of that court. Being so, we should be slow to deny any effect to the express provisions of our own statute. This

we should of course be bound to do, if the unconstitutionality of it was clearly shown. But this is by no means a plain matter of unconstitutional law. The application of a state insolvent law to all contracts by our citizens, which are by express terms to be performed within the State, is a different question from that as to contracts payable or to be performed elsewhere. It cannot escape the attention of the reader of the later decisions of the supreme court of the United States, that, so far from manifesting any purpose to extend their decisions declaring discharges under state insolvent laws no bar as respects citizens of other states, several of the judges of that court seem disposed to question the soundness of the decisions already made, and manifest no disposition to extend the principle beyond the cases already decided. See the opinions of the various judges, as reported in *Cook* v. *Moffat*, 5 How. 295, and *Towne* v. *Smith*, 1 Woodb. & M. 130.

As we understand the decision of the supreme court of New York in the case of *Parkinson* v. *Scoville*, 19 Wend. 150, a discharge under their insolvent laws would be held. valid and effectual as to a contract to be performed there, in a suit by a creditor, a citizen of another state.

As the notes in suit were by their terms to be paid in the State of Massachusetts, although made with a citizen of the State of New York, the court are of opinion that the promisee takes them subject to the laws of Massachusetts as to what will operate to discharge the same. The party accepting such a contract must be aware that it is here to be performed, and that this may subject him to our laws as to what will exonerate the party from liability on the same.

METCALF, J. My opinion, in this case, differs from that of the other members of the court, for the following reasons:

The supreme court of the United States has decided that a state cannot, consistently with the constitution of the United States, discharge its citizens, by a bankrupt or insolvent law from contracts made by them with citizens of other states. In *Ogden* v. *Saunders*, 12 Wheat. 368, 369, Johnson, J. said: " As between citizens of the same state, a discharge of a bankrupt,

by the laws of that state, is valid, as it affects posterior contracts; as against creditors, citizens of other states, it is invalid as to all contracts." " When the states, in the exercise of that power," (the power of passing bankrupt laws,) " pass beyond their own limits, and the rights of their own citizens, and act upon the rights of citizens of other states, there arises a conflict of sovereign power, and a collision with the judicial powers granted to the United States, which renders the exercise of such a power incompatible with the rights of other states, and with the constitution of the United States." In *Boyle* v. *Zacharie*, 6 Pet. 348, Chief Justice Marshall said : " The judges, who were in the minority of the court upon the general question as to the constitutionality of state insolvent laws, concurred in the opinion of Mr. Justice Johnson in the case of *Ogden* v. *Saunders*. That opinion is therefore to be deemed the opinion of the other judges who assented to that judgment. Whatever principles are established in that opinion are to be considered no longer open for controversy, but the settled law of the court." In *Woodhull* v. *Wagner*, Bald. 300, Mr. Justice Baldwin said " The case of *Ogden* v. *Saunders* must be considered, at least in the circuit court, as settling that a discharge by the law of a state operates only on contracts made between its own citizens, and to be executed within the State. The opinion of Judge Johnson may then be taken by us as that of a majority of the court on the effect of their decision of that case, in pages 368, 369." In *Springer* v. *Foster*, 2 Story R. 387, Mr. Justice Story said : " The settled doctrine of the supreme court of the United States is, that no state insolvent laws can discharge the obligations of any contract made in the State, except such contracts as are made between citizens of that state." He announces the law in the same way in his Commentaries on the Constitution of the United States, (1st ed.) vol. 3, §§ 1110, 1384. And so this court, in *Braynard* v. *Marshall*, 8 Pick. 196, understood the law, and has since made repeated decisions in conformity to this view of it. It is said, however, that in none of the cases decided by the courts of the United States, or by this court, was the contract, by its terms, to be performed within the State where the debtor

resided; and therefore that those cases are not decisive of this. But my mind fails to perceive any legal distinction between this case and those. The doctrine of the supreme court of the United States, deducible from the foregoing authorities, seems to me to be this: That a state insolvent law is unconstitutional when it affects the rights of citizens of other states, because a state has not authority, by such a law, to affect those rights. If this be the doctrine, and this the ground of it, the distinction taken, between the present case and those which we have heretofore decided, appears to me to be without a difference.

We were referred to the case of *Parkinson* v. *Scoville*, 19 Wend. 150, in which it was held that an action on a contract made in New York, by a citizen of that state, with a citizen of Pennsylvania, and to be executed in New York, was barred by a discharge of the debtor under the New York insolvent law. But as no reference is made, in that case, to the decisions of the United States courts, nor to any thing but the terms of the New York statute, the judgment weighs very little, in the scale, against the authorities above cited.

We are unanimous in the opinion that we are bound to conform our decisions to those of the supreme court of the United States, on all questions involving the construction of the constitution of the United States. 2 Pet. 524. 8 Pick. 196. 1 Cush. 432. And in my judgment, the case now before us falls clearly within the reasons assigned by the judges of that court for holding that state insolvent laws cannot discharge the obligations of contracts made with the citizens of other states.

If this were a new question, my opinion would be different, and would fully coincide with that of Mr. Justice Trimble, and for the reasons assigned by him, in *Ogden* v. *Saunders.*

*Judgment for the defendant.**

---

* Since this decision was made, cases have been published, in which the courts of appeals of New York and Maryland took the same views as those above expressed by Mr. Justice Metcalf. *Donnelly* v. *Clark*, 3 Seld. 500. *Poe* v. *Duck*, 5 Maryland, 1.