JOHN M. EASTERLY *vs.* ALBERT W. GOODWIN.

A discharge of a debtor under the insolvent law of a state, cannot operate to discharge him from a claim of a creditor who is a citizen of another state. ·

And it makes no difference that the debt was contracted in the state where the discharge was granted.

Nor that the creditor has obtained judgment on the debt in that state.

A temporary residence in a state does not change its character by being long continued.

And the fact of voting in the state is not necessarily decisive of the character of the residence.

A discharge was obtained in the state of California in the year 1859 by a debtor residing there, under the insolvent laws of that state. The creditor, who had been a citizen of New York, had gone to California in 1850 and resided there at intervals till 1854, when he returned to the state of New York. He went to California again in 1855 and remained till 1858. In each case he went there on business, and intended to return to the state of New York when the business was finished. His family remained all the while in the latter state. While in California he voted once or twice in the state. Held that these facts did not necessarily constitute him a citizen of California when the discharge was granted, or make it effectual against him.

DEBT on a judgment recovered in the state of California ; brought to the Superior Court in Hartford county, and tried on the general issue, closed to the court, with notice of a discharge obtained in the state of California after the judgment was rendered, under the laws of that state. The judgment is the same one on which the Connecticut judgment described in the case next preceding was founded. The following facts were found by the court.

The plaintiff, Easterly, recovered judgment against the defendant in May, 1858, in the District Court of one of the districts of the state of California, for the sum of $7,044.70 debt and $18 costs, which judgment has never been reversed or annulled, and is still in full force, unless discharged by the proceedings hereinafter set forth. Goodwin, the defendant, was, up to the year 1849, a resident and citizen of the state of Connecticut, and in the year 1849 he removed to and became a resident and citizen of the state of California, and so continued until the year 1859, when he removed to the state of Connecticut, and became and ever since has been a resident and citizen of Connecticut. On the 29th day of April, 1859, Goodwin, then a resident and citizen of the state of California, commenced proceedings in the District Court for one of the districts of that state, being a court of general common law and equity jurisdiction, having a clerk and seal, to obtain a discharge from all his debts, and such proceedings were had therein under the provisions of an act of the legislature of that state, passed May 4, 1852, as resulted in a decree discharging him from all his debts contracted after the passage of the act referred to, and particularly from all the debts described in a schedule of his debts filed by him in court, which schedule contained a particular statement of his indebtedness to Easterly, the present plaintiff. Easterly was made a respondent on the petition for discharge, and notice was ordered by the court to be given to all the creditors by advertising for thirty days in a California newspaper, which notice was in accordance with the law of the state, and was published as ordered. Goodwin was a resident and citizen of California when the decree of discharge was granted.

Easterly never was a citizen of the state of California, but always has been a citizen of the state of New York, where his family resided during all the time above mentioned. He went to the state of California on business in the year 1850, and resided there at intervals until the year 1854; and he again went there on business in the year 1855, and resided there until the fall of 1858; but he went there only for temporary purposes, and never intended to remove his domicil

there or to remain there permanently, but intended to return to the state of New York when the business was finished; and during the time he was there he voted one or more times in the state of California.

During the time the proceedings for a discharge were pending, Easterly was not residing in California or within the limits of the state, but was residing in the state of New York, and had no notice of the application and proceedings for a discharge, other than that set out in the record, and never had any actual notice or knowledge of the proceedings or of the discharge until the year 1862.

The contract upon which the judgment was rendered was entered into between the plaintiff and the defendant in the year 1856, in the state of California, and before and at the time when the contract was made, and until after the rendition of the judgment, both Easterly and Goodwin resided in that state.

The contract was an accommodation endorsement by Easterly for Goodwin of Goodwin's note, which note was payable in California, and was not paid at maturity by Goodwin, but was afterwards paid by Easterly, as endorser. The discharge was regularly obtained and granted under the statute of California above mentioned.

Upon these facts the case was reserved by the Superior Court for the advice of this court.

*C. E. Perkins,* for the plaintiff.

The sole question to be decided in this case is, whether a debt contracted in California or a judgment obtained there upon it between the debtor, a citizen of California, and the creditor, a citizen of New York, then temporarily residing in California, is affected by a discharge obtained by the debtor under the insolvent laws of California after the creditor had left the state, and of which he had no actual notice. This question is settled in this state by the case of *Anderson* v. *Wheeler*, 25 Conn., 603, and the cases there cited, as also by the late case in the Supreme Court of the United States of *Baldwin* v. *Hall*, 1 Wallace, 223. See also *Gilman* v. *Lock*

*wood*, 4 Wallace, 409, and *Norton* v. *Cook*, 9 Conn., 314.
The only conceivable difference between these cases and the
one at bar is, that in the latter the creditor obtained a judg-
ment in the state of California. But the current of author-
ities is, that this fact can make no difference. *Poe* v. *Duck*,
5 Maryl., 1; *Donnelly* v. *Corbett*, 3 Seld., 500; *Whitney* v.
*Whiting*, 35 N. Hamp., 457. This will appear to be the only
sound rule from a consideration of the ground upon which
the decisions are placed, which is, that the proceedings for a
discharge cannot in any way affect a citizen of another state
because he cannot receive any legal notice, and as to him
the proceedings are void. *Baldwin* v. *Hale*, 1 Wallace, 223.

*Welch*, with whom was *Shipman*, for the defendant.

1. The discharge may be a valid defence to an action on the
judgment although it might not have been to an action upon
the original contract had it not been merged in the judgment.
*Bangs* v. *Watson*, 9 Gray, 211; *Pierce* v. *Eaton*, 11 id.,
398.

2. The judgment voluntarily obtained by the plaintiff in
the courts of California was discharged by the proceedings in
insolvency in that state. And so would the judgment have
been discharged had the plaintiff never resided at all in Cali-
fornia. *Davidson* v. *Smith*, U. S. District Court, Wisconsin, 9
Am. Law Register, 217. A contrary opinion was formerly held
in *Watson* v. *Bourne*, 19 Mass., 337. But in *Ogden* v. *Saun-
ders*, 12 Wheat., 213, Johnson, J., in giving the opinion of
the court says, in referring to the case of *Watson* v. *Bourne*,
" I have but little doubt that the court was wrong in denying
the effect of the discharge as against judgments rendered in
the state courts, where the party goes voluntarily and un-
necessarily into these courts." A party abandons his entire ter-
ritorial immunity by voluntarily submitting his claim to the
adjudication of the courts of the state granting the discharge.
*Clay* v. *Smith*, 3 Pet., 411. It is only when there has been no
voluntary submission by the creditor to the laws of the state
granting the discharge, otherwise than by the origin of the con-

tract, that the discharge is ineffectual as against such creditor. *Clay* v. *Smith,* supra ; *Ogden* v. *Saunders,* supra ; *Anderson* v. *Wheeler,* 25 Conn., 610.

3. Even had there been no judgment obtained in California, the discharge would have been, under the circumstances of this case, a bar to any action upon the original contract. The doctrine that a discharge is good only as between citizens is of modern origin, opposed to all earlier decisions and only acquiesced in because sanctioned by the Supreme Court of the United States. *Town* v. *Smith,* 1 Wood. & Minot, 120, 130 ; *Felch* v. *Bugbee,* 48 Maine, 9 ; *Anderson* v. *Wheeler,* 25 Conn., 603. This court is not called upon to extend beyond the cases actually decided, a doctrine so derogatory to the efficacy of state laws and so restrictive of the jurisdiction of state tribunals. In none of the cases relied on by the plaintiff was there a residence of both plaintiff and defendant at the inception of the contract in the state where the contract was made and discharge obtained. There is a broad distinction between a casual presence in a state and a voting residence therein. *Shelton* v. *Tiffin,* 6 Howard, 163, 185 ; *Amy* v. *Smith,* 1 Litt. 334 ; *Gassies* v. *Ballou,* 6 Pet., 762. The term " citizen " as used in the decisions, is not to be understood in any technical sense, but as including all who may be said to reside or live in, or be inhabitants of the state granting the discharge. The phrases " residing in," " living in," "belonging to," and "inhabitants of " a state, are used interchangeably and as synonymous with "citizen of " such state. *Towne* v. *Smith,* 1 Wood. & Minot, 120 to 131 ; *Blanchard* v. *Russell,* 13 Mass., 11 ; *Vanbuskirk* v. *Hartford Fire Ins. Co.,* 14 Conn., 588 ; Story Confl. Laws, § 18. The removal to the state of New York before the discharge made no difference, because it is the relation of the parties to the state at the inception of the contract which determines the validity of the discharge. *Vanbuskirk* v. *Hartford Fire Ins. Co.,* 14 Conn., 588.

4. But whatever might have been the effect of the discharge upon the original contract had it not been merged in the judgment, the discharge must be a bar as against this

judgment voluntarily obtained in California by a resident voter. *Davidson* v. *Smith,* supra; *Ogden* v. *Saunders,* supra.

PARK, J.     The case of *Ogden* v. *Saunders,* 12 Wheaton, 213, decides that a state has not the constitutional power to discharge its citizens by a bankrupt or insolvent law, from contracts made with them by citizens of other states. Judge Johnson, in giving the opinion of the court and commenting upon the authority of a state to pass bankrupt or insolvent laws, says that "as between citizens of the same state, a discharge of a bankrupt is valid as it affects posterior contracts, as against citizens of other states it is invalid as to all contracts."

This view of the case of *Ogden* v. *Saunders* was taken by this court in the cases of *Norton* v. *Cook,* 9 Conn., 314, and *Anderson* v. *Wheeler,* 25 Conn., 603, and by the courts of other states in the cases of *Poe* v. *Duck,* 5 Maryland, 1, *Donnelly* v. *Corbett,* 3 Selden, 500, and *Whitney* v. *Whiting,* 35 N. Hamp., 457.

The principle of the case of *Ogden* v. *Saunders* has been reaffirmed by the Supreme Court of the United States in the recent cases of *Baldwin* v. *Hale,* 1 Wallace 223, and *Gilman* v. *Lockwood,* 4 Wallace, 409, and may be regarded as permanently settled.

The discharge in this case was obtained in California, under the insolvent laws of that state, by the defendant, who was a citizen of that state at the time the contract in question was made between him and the plaintiff in this suit, and continued to be till after the discharge in question was obtained.

The case finds that during all this time the plaintiff was a citizen of the state of New York, and never was a citizen of the state of California; that he was transiently there when the contract was made and when the judgment was obtained by him against the defendant, and then returned to the state of New York where his family resided, and was there during the time that the proceedings were pending for the discharge of the defendant in the state of California.

From these facts it is evident that the discharge is ineffectual to extinguish the claim of the plaintiff unless other facts appear sufficient to take the case from the operation of the the principle established by the cases referred to.

The defendant insists that the following facts found by the court render the condition of the plaintiff in California equivalent to that of a citizen and sufficient to make the discharge effectual, notwithstanding the finding that he was at the same time a citizen of the state of New York. These facts are found by the court as follows : " That said Easterly went to the state of California on business in the year 1850, and resided there at intervals until the year 1854, and that he again went there on business in 1855, and resided there until the fall of 1858, but that he went there only for temporary purposes, and never intended to remove his domicil there or remain there permanently, but intended to return to the state of New York when the business was concluded ; and that during the time he was there he voted one or more times in the state."

No doubt the length of time the plaintiff remained in California, and his exercise of the elective franchise while there, were important facts upon the question of citizenship, and unless controlled by other evidence of a superior character would have been sufficient to warrant the court in finding that he was a citizen of that state. But the defendant claims that these facts constitute citizenship as matter of law, and we are referred to the case of *Shelton* v. *Tiffen*, 6 Howard, 163, as sustaining the claim. The court in that case say, "On a change of domicil from one state to another citizenship may depend upon the intention of the individual. But this intention may be shown more satisfactorily by acts than declarations. An exercise of the right of suffrage is not conclusive on the subject ; but acquiring a right of suffrage, accompanied by acts which show a permanent location unexplained, may be sufficient. The facts proved in this case authorize the conclusion that Shelton was a citizen of Louisiana within the act of Congress, so as to give jurisdiction to the Circuit Court." The question in the case was whether the

Circuit Court had jurisdiction of the case, and this depended upon the citizenship of the appellant. It is well known that the appellate courts of the United States review the questions of fact made in the case, enough to see whether the conclusions arrived at by the court below are warranted by the evidence. In the case cited the court review the evidence at length upon the question of citizenship, and use the language quoted in commenting upon the weight of the evidence. These remarks apply with equal propriety to the cases of *Gassies* v. *Ballou,* 6 Peters, 762, and that of *Dred Scott,* 19 Howard, 393, cited by the counsel for the defendant. It is unnecessary to state that this court never reviews questions of fact. It takes them as they are found by the court below. The cases referred to do not therefore support the claim.

The defendant further claims that there is a broad distinction between a casual presence in a state, and that continuous, voluntary abiding which constitutes a residence; and that, in respect to the latter, it is sufficient for the purposes of this case and will give efficacy to the discharge. The finding of the court is that the residence of the plaintiff in the state of California was temporary, and that during the time it continued his domicil and citizenship remained in another state.

A temporary residence does not change its character by lapse of time. Whether it is longer or shorter it is temporary still. It possesses no elements of a superior state which time will mature. We see nothing in this claim of the defendant.

The defendant further insists that if the plaintiff had an extra-territorial constitutional immunity in respect to his original claim, he abandoned and lost it by voluntarily going into the courts of California and recovering judgment upon the claim. In support of this position he refers us to the case of *Davidson* v. *Smith,* decided in the United States District Court for the state of Wisconsin, and reported in 9 American Law Register, 223. It is true that this case is in point, and the decision directly in favor of the defendant. But it should be observed that the judge in giving his opinion relies very much upon the case of *Parkinson* v. *Scoville,* 19 Wend.,

150, and does not notice the recent cases on the subject in which the contrary doctrine is held. The case of *Parkinson* v. *Scoville* was substantially overruled by the late case of *Baldwin* v. *Hale*, 1 Wallace, 223. The defendant also refers to the case of *Ogden* v. *Saunders* in support of his claim. But this question was not involved in that case, and although Justice Johnson in giving the opinion of the court departs from the case and expresses an opinion upon the question, still under the circumstances the opinion is not entitled to much consideration. He says, " I have little doubt that the court (alluding to the case of *Watson* v. *Bourne*, 10 Mass., 337,) was wrong in denying the effect of a discharge as against judgments rendered in the state courts where the party goes voluntarily and unnecessarily into these courts." This remark of the judge, as will be seen upon an examination of the case, is purely an *obiter dictum*. On the other hand the cases of *Poe* v. *Duck*, *Donelly* v. *Corbett*, *Whitney* v. *Whiting*, and *Watson* v. *Bourne*, decide this question in favor of the plaintiff. They hold that the extra-territorial constitutional immunity which exists in the plaintiff upon the original contract is not affected by a recovery of the judgment upon that contract in the courts of the state where it was made. The immunity of the contract continues and inheres in the judgment. We think the weight of authority is decidedly upon this side of the question.

We advise the Superior Court to render judgment for the plaintiff.

In this opinion the other judges concurred.