Strafford, }
May 3, 1904. }

## GARSIDE v. COLBY & Tr.

In an action of foreign attachment brought on a judgment, the plaintiff may show the nature of the original debt, and the trustee will thereupon be chargeable for all wages due the defendant and earned by him prior to service of the writ upon the trustee, in case the original claim is for necessaries furnished to the defendant or any of his family.

FOREIGN ATTACHMENT. The plaintiff recovered judgment upon default against the defendant in the Rochester police court, upon a claim for necessaries furnished the defendant or his family, and subsequently brought suit on the judgment in the same court and summoned the trustees, who owe the defendant less than twenty dollars for wages earned before the service of the trustee process upon them. In the police court judgment was rendered against the defendant, and his motion to discharge the trustees was denied. The defendant appealed, and at the September term, 1903, of the superior court moved to discharge the trustees, upon the ground that the action is on a judgment and not for necessaries, and that the amount due him for wages, being less than twenty dollars, is exempt from trustee process. The motion was denied by *Stone*, J., and the defendant excepted.

*William Wright*, for the plaintiff.

*Frank F. Fernald*, for the defendant.

PARSONS, C. J. "The money, rights, and credits of the defendant shall be exempt from trustee process in the following instances: . . . II. Wages of the defendant earned before the service of the writ upon the trustee, to the amount of twenty dollars, except in actions brought to recover for necessaries furnished to the defendant or any of his family." P. S., c. 245, s. 20. "The fact that the original indebtedness . . . has been converted into a judgment in no way changes the rights or liabilities of the parties. . . . The judgment, until reversed or satisfied, is evidence of a contract between the same parties, provable in another form, with the same effect." *Whitney* v. *Whiting*, 35 N. H. 457, 461, 462.

While the original claim is merged in the judgment so that a new action cannot be maintained thereon, if the prevailing party is entitled to any rights or privileges growing out of the original cause of action, the judgment may be examined to ascertain the ground upon which it is founded and the existence or not of the rights claimed. "Whenever justice requires it, judgments will be generally construed, not as a new debt, but as an old debt in a new form." Freem. Judg., s. 244; *Watson* v. *Bourne*, 10 Mass. 337, 339, 340; *Wyman* v. *Mitchell*, 1 Cow. 316, 320, 321; *Clark* v. *Rowling*, 3 N. Y. 216; *Evans* v. *Sprigg*, 2 Md. 457.

The plaintiff seeks to recover payment for necessaries furnished the defendant or his family. The judgment conclusively establishing the defendant's indebtedness is not evidence of, nor does it preclude an inquiry into, the nature of that indebtedness, since that question was immaterial in the first suit and was not adjudicated therein. Such inquiry having established the defendant's debt to have been for necessaries within the exception of the exempting clause of the statute, the trustee is chargeable. Whether the defendant is such a party to the plaintiff's suit against the trustees as to be entitled to move for the trustees' discharge, has not been considered. *Jones* v. *Roberts*, 60 N. H. 216, 217, 218; *Gale* v. *Barnes*, 66 N. H. 183.

*Exception overruled.*

All concurred.