## Case No. 3,780.

### DEMERITT v. EXCHANGE BANK.

[1 Brunner, Col. Cas. 598; [1] 20 Law Rep. 606.]

Circuit Court, D. Maine. April Term, 1857.

CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS.

A state insolvent law cannot discharge or suspend the obligation of a contract, though made and to be performed within the state, if it is a contract with a citizen of another state, nor can it defeat the right of action of a citizen of another state in the circuit court of the United States.

[Cited in Hale v. Baldwin, Case No. 5,913; Baldwin v. Hale, 1 Wall. (68 U. S.) 234; Green v. Collins, Case No. 5,755.]

[This was a suit by John Demeritt against the president, directors, and corporation of the Exchange Bank.]

Mr. Rowe, for plaintiff.

Mr. Kent, for defendant.

CURTIS, Circuit Justice. The only question I can consider on this motion of the plaintiff for a judgment on the agreed statement of facts is, whether that judgment ought to be entered. The consequences of that judgment, and the means by which it may lawfully be satisfied, are matters to be decided hereafter, upon proceedings proper to raise those questions. The action is founded on bills of the bank, the genuineness of which is admitted. The defense is rested on certain laws of the state of Maine, by force of which, before payment of the bills demanded, the bank was temporarily enjoined from doing any business, by an order of a justice of the supreme court of that state, preliminarily to an investigation into its condition, in order to ascertain whether a receiver should be appointed, pursuant to statutes of that state, respecting insolvent banking corporations; and after this action was commenced receivers were appointed. These statutes are relied on to defeat the action, in one or both of two ways. The first is, that by the eighth section of the one hundred and sixty-fourth chapter of the acts of the legislature of Maine for the year 1855, it is enacted: "And no action shall be maintained against any bank after the appointment of receivers thereof; but all its creditors shall have their remedy under the provisions of this bill." That remedy is to present the claim to the receivers, and if disallowed by them to file exceptions to their report, which the law requires to be made to the supreme court of the state; and that court is thereupon to decide finally on the validity of the claim. It is apparent, that if this law be allowed to defeat this action, a suit by a citizen of Massachusetts against citizens of Maine, brought pursuant to the constitution and laws of the United States, in a circuit court of the United States, cannot be tried and determined in such circuit court, but is put an end to without a trial, by force

of the state law, and its subject-matter transferred for judicial cognizance to tribunals of the state. It is clear, both upon principle and authority, that this cannot be done. Suydam v. Broadnax, 14 Pet. [39 U. S.] 67; Union Bank of Tennessee v. Vaiden, 18 How. [59 U. S.] 503; Hunt v. Danforth [Case No. 6,887]. It was argued that this state law furnishes one of the rules of decision, which are adopted in trials at the common law by the thirty-fourth section of the judiciary act of 1789 (1 Stat. 92). But it is not the purpose of the state law to afford a rule for the ascertainment of any right upon a trial, but to prevent a trial of the right in the action which it requires to be discontinued, and to substitute another mode of proceeding in which the right is to be tried. It is altogether a law of procedure, and is not adopted by the thirty-fourth section.

The other ground upon which the defense was rested is, that these bills being payable in the state of Maine, it is competent for that state to discharge the bank altogether from the causes of action thereon, though the bills are payable to bearer, and held by a citizen of Massachusetts; and as the contract is thus subject to the control of the state laws, the injunction by which the bank was ordered to do no more business rendered it unlawful for the bank to pay their bills when demanded, and so suspended the plaintiff's right of action; and consequently there was no existing and operative cause of action on these bills when this action was brought. Without investigating minutely this train of reasoning, I consider it sufficient to say that under the constitution of the United States, it is not competent for the state of Maine to pass any law, discharging or suspending the right of action on a contract made with a citizen of another state, by citizens of the state of Maine, or by a corporation created by the legislature of Maine. This was settled in Ogden v. Saunders, 12 Wheat. [25 U. S.] 213. See Boyle v. Zacharie, 6 Pet. [31 U. S.] 348. It is urged that where the contract is to be performed in the state, it is not within the decision of the supreme court in Ogden v. Saunders [supra], and it has been so held by a majority of the supreme court of Massachusetts in Scribner v. Fisher, 2 Gray, 43. But I cannot concur in that opinion. I consider the settled rule to be, that a state law cannot discharge or suspend the obligation of a contract, though made and to be performed within the state, when it is a contract with a citizen of another state. Such was Mr. Justice Story's understanding—Springer v. Foster [Case No. 13,266]—of the decisions of the supreme court, in which he took part. See, also, Woodhull v. Wagner [Id. 17,975]; Donnelly v. Corbett, 3 Seld. [7 N. Y.] 500; Poe v. Duck, 5 Md. 1.

The plaintiff is entitled to judgment on the agreed statement of facts.

NOTE. State insolvent laws cannot discharge the obligation of contracts made with citizens

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

of other states. See Baldwin v. Hale, 1 Wall. [68 U. S.] 234; Hale v. Baldwin [Case No. 5,-913], citing above case.