Ensor, Trustee *vs.* Lewis and Smedley.

(Decided 2nd July, 1880.)

JOHN T. ENSOR, Trustee in Insolvency of CHARLES H. MANN *vs.* JOSEPH J. LEWIS and ENOS SMEDLEY.

*Mortgage from a citizen of Maryland to a citizen of Pennsylvania, not affected by the Insolvent laws of the former State.*

Certain property situated in Towsontown, Baltimore County, known as the "Smedley House," was mortgaged by M. and wife on the 3rd of April, 1869, to L., a citizen and resident of Pennsylvania, to secure the sum of $16,000, with interest. This mortgage, which was duly recorded in Baltimore County, contained a clause as provided in section 5 of Article 64 of the Code, authorizing the mortgagee or E. S., also a citizen of Pennsylvania, to sell the premises upon default made by the mortgagor. On the 18th of February, 1880, M. applied for the benefit of the insolvent laws, and on the same day E. was duly appointed trustee for the benefit of his creditors, and at the same time the insolvent executed a deed conveying to the trustee all his property, except such as was exempted by law. Default having been made by M., the mortgagor, in the payment of the money secured by the mortgage, E. S. advertised the property for sale at public auction, on the 10th of April, 1880.

Ensor, Trustee *vs.* Lewis and Smedley.

On a bill filed on the 27th of March, 1880, by E., the trustee in insolvency, claiming the right as such trustee, to sell the mortgaged property, and praying for an injunction to restrain L. and S. from making sale thereof, and from interfering with the complainant in the administration of his trust, it was HELD:

That the mortgage being a contract between a citizen of Maryland and a citizen of Pennsylvania, was protected from the operation of the insolvent laws of the former State, and the mortgagee under the power of sale embodied in the mortgage, had the right to sell the mortgaged premises, without being interfered with by the trustee in insolvency.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J., for the appellant, and submitted on brief for the appellees.

*Wm. Shepard Bryan,* for the appellant.

The insolvent proceedings do not impair or diminish in any degree whatever, the lien of the mortgagee for his debt. According to their course, he would be paid in full, if the proceeds of sale should be sufficient for the purpose; and he would receive from the trustee the whole of the proceeds, if they should not be sufficient to pay him in full. The question here does not concern his debt. It is not sought to interfere with the appropriation of the entire property to the payment of it; nor is it sought to prevent the mortgagee from proceeding against any other property of the insolvent, if he should elect to do so.

The question simply is whether the trustee in insolvency is to administer his trust by selling the mortgaged property; or whether the attorney named in the mortgage is the proper party to make sale. This must be

determined by the requirements of the insolvent law, unless they are contrary to some constitutional provision.

It is the duty of the trustee to make sale of all the property of the insolvent, and to pay off all liens and incumbrances thereon, and he is not subject to the interference of sheriffs, mortgagees or other persons. *Zeigler vs. King*, 9 *Md.*, 330.

This is the remedy for the lien creditors of an insolvent, established by the statute law. It is undoubtedly within the province of the Legislature to provide the manner in which debts shall be collected. The mode of cutting off the equitable interest provided by Article 64 of the Code, exists merely because the Legislature has so determined. It is competent for the Legislature to repeal that statute, and provide some other mode of proceeding which shall preserve the right of the mortgagee to be paid his debt. It is a mistake to suppose that the mortgagee's attorney has any right to cut off the equity of redemption by sale without previous decree, except for the reason that such is the statutory remedy. And this remedy, like all others, is entirely within the control of the Legislature. There can be no such thing in jurisprudence, as a vested right to a remedy. The same legislative power which gave this remedy, also saw fit to give another and different one, in case of the insolvency of the mortgagor; in each case preserving the lien of the mortgagee. The right of the mortgagee is to enjoy his lien unimpaired. A statute which preserves this lien in full force and integrity, infringes none of his vested rights. It is an indispensable part of the *lex fori*, to determine the mode in which this right shall be enforced.

It is admitted that the Legislature would have no power to destroy the right under the guise of changing the remedy. " Cases may occur," says the Supreme Court, " where the provisions of a law may be so unreasonable, as to amount to a denial of the right, and call for the

intervention of the Court." *Curtis vs. Whitney,* 13 *Wall.,*
72. But "though legislation may enhance the cost, and
difficulty of performance, or diminish the value of such
performance to the other party, there is no restraint in the
Federal Constitution, so long as the obligation of per-
formance remains in full force." *Ibid,* 71.

And again, "although a new remedy may be deemed
less convenient than the old one, and may in some degree
render the recovery of debts more tardy and difficult, yet
it will not follow that the law is unconstitutional. What-
ever belongs merely to the remedy may be altered at the
will of the State, provided the alteration does not impair
the obligation of the contract." *Bronson vs. Kinsie,* 1
*Howard,* 316; *Vide also, Grinder vs. Nelson,* 9 *Gill,* 308.

As none of the contract rights of the mortgagee are
infringed ; as the obligation of his contract is in no degree
impaired; there can be no objection to this proceeding on
the ground that it arises under an insolvent law. Insol-
vent laws are held invalid against citizens of other States,
when they impair the obligation of contracts. It is
unconstitutional to discharge the debt of the foreign
creditor without payment in full, but it would not be
unconstitutional to pay him in full through the medium
of insolvent proceedings. It is the discharge of the debt
without payment that is unconstitutional; and not the
administration of the debtor's assets by a trustee. It is
not contended that the debt due to Lewis would be dis-
charged without payment in full. It is not contended
that Lewis has not the right to proceed to judgment and
execution on his debt in the same way, as if the insol-
vent proceedings had never occurred. He has a right to
have the entire proceeds of the mortgaged property ap-
plied to the payment of his debt, and the Legislature has
a right to prescribe the mode in which this shall be done.

It being the duty of the trustee to pay the mortgagee
the amount of his lien so far as the proceeds of sale will

extend, this liability may be enforced in various ways. And as a matter of course, the mortgagee will waive none of his rights by merely receiving his own. If his debt should not be fully paid by the proceeds of sale, the remainder continues to be due and may be collected by the ordinary process of law against the property of the insolvent, *non obstante* the insolvent proceeding. The question is simply as to the remedy to enforce the mortgagee's lien, the obligation to pay the debt in full not being in any degree impaired.

As the attempt to sell by the mortgagee's attorney throws a cloud upon the title of the trustee, equity will relieve by injunction. *Holland vs. Mayor, &c. of Balt.*, *et al.*, 11 *Md.*, 186.

*D. C. H. Emory*, for the appellees.

The power of sale contained in a mortgage, made pursuant to Article 64, of the Code, is a power coupled with an interest in the premises conveyed by the mortgage deed, and passes with the estate by an assignment of the mortgage debt. *Dill vs. Satterfield*, 34 *Md.*, 52; *Berry vs. Skinner*, 30 *Md.*, 567.

The insertion of such a clause in the mortgage deed, makes it a part of the contract between the parties, and it is not competent for the trustee of the insolvent mortgagor to interfere with the rights of the mortgagee under the contract, acquired long before the insolvency of the mortgagor, and when he had the control of the property, and when the mortgagor had the right and authority to make such contract and to confer such power upon the mortgagee.

No case can be found where, under the Insolvent Laws of Maryland, the insolvent's trustee has been justified in interfering with the right of the mortgagee or his duly authorized attorney, to sell under the power contained in the mortgage. The cases deciding that the insolvent

trustee has a right to sell, all relate to cases where the power to sell is not coupled with an interest, but is a *naked* power to sell.  See *Hubbard and Wife vs. Jarrell, et al.,* 23 *Md.,* 66; *Berry vs. Skinner,* 30 *Md.,* 567; *Dill vs. Satterfield,* 34 *Md.,* 52; *Harnickell vs. Orndorff,* 35 *Md.,* 341.

In the case at bar, the mortgagee is a citizen and resident of the State of Pennsylvania, and was so when the mortgage was made, and he never has been a citizen of Maryland, and the law is definitely settled by the Supreme Court of the United States, as well as by the Court of Appeals of Maryland, that the insolvent laws of Maryland are not binding on any persons except its own citizens, and that as it respects non-residents, they are nullities.  *Poe, &c. vs. Duck,* 5 *Md.,* 1; *Evans & Co. vs. Sprigg, et al.,* 2 *Md.,* 468; *Kettlewell vs. Stewart,* 8 *Gill,* 499; *Ogden vs. Sanders,* 12 *Wheat.,* 358, 457.

If, then, these laws be nullities so far as it regards the mortgagee in this case, how can the insolvent's trustee be entitled to interfere with the attorney named in the mortgage, or prevent his exercise of the power contained in the mortgage deed?

MILLER, J., delived the opinion of the Court.

This appeal is from an order refusing an injunction upon a bill filed on the 27th of March, 1880, by the appellant as trustee in insolvency of Charles H. Mann.  The bill avers that Mann applied for the benefit of the insolvent laws on the 18th of February, 1880, and that the complainant was thereupon on the same day duly appointed trustee for the benefit of his creditors, and gave bond as such, which has been duly approved, and that the insolvent at the same time duly executed a deed, conveying to the trustee all his property, except such as is exempted by law; that among other property of which the insolvent at the time of his application was seized and possessed,

there is a hotel and premises situated in Towsontown, known as the "Smedley House," on which Joseph J. Lewis, a citizen and resident of Pennsylvania, holds a mortgage which was executed to him by Mann and wife, on the 3rd of April, 1869; that this mortgage which was duly recorded in Baltimore County, contains a clause authorizing Enos Smedley to sell the premises upon default made by the mortgagor; and that Smedley has advertised the property for sale at public auction, on the 10th day of April next. The bill then charges that by virtue of his appointment and qualification as trustee, it became the right and duty of the complainant to sell this property, as well as all other property belonging to the insolvent, and that Lewis and Smedley have no right or authority to make sale thereof, or to interfere with the complainant in the administration of his trust, and prays for an injunction restraining them from so doing.

The mortgage referred to is a mortgage to secure the sum of $16,000, with interest, and it contains a clause, as provided in sec. 5, Art. 64 of the Code, authorizing the mortgagee "or Enos Smedley" to sell the property in case of default. It is admitted that Lewis, the mortgagee, was at the time the mortgage was executed, and is now a citizen and resident of the State of Pennsylvania, that Smedley is also a citizen of the same State, and that before the property was advertised by him default had been made by the mortgagor in the payment of the money secured by the mortgage.

The present case differs from that of *Mackubin vs. Boarman, supra, p.* 384, in that here the mortgagee, at the time the mortgage contract was made, was, and ever since has been, a non-resident of this State, and we are all clearly of opinion that this of itself is fatal to the pretensions of the appellant. It is too well settled to be now a matter of controversy, that upon such a contract as this the insolvent laws of this State can have no effect whatever. The decisions

Ensor, Trustee *vs.* Lewis and Smedley.

of this Court which are binding upon us have placed this question beyond dispute. In *Evans & Co. vs. Sprigg, et al.,* 2 *Md.*, 457, where the subject was elaborately considered, the Court say, "when the present contract" (which was a contract with a non-resident) "was entered into, the Constitution of the United States protected it from being *in any degree* affected by insolvent proceedings in this State, and this protection followed it into and formed part of the judgment," subsequently recovered upon it. And again, "in regard to such claimants," (non-residents) "our insolvent laws are considered *as nullities,* and as the insolvent's trustee acquires all his rights under those laws, he can have *no rights in opposition* to those of the appellants." So again in the case of *Poe vs. Duck,* 5 *Md.,* 1, it was decided that State insolvent laws apply to all contracts made within the State between citizens of the State, but they *do not* apply to those made within a State between a citizen of that State and one of another, nor to those not made within the State. In view of these decisions we think it quite impossible to hold that the power of sale thus stipulated for and embodied in the mortgage and given to, or for the benefit of, a *non-resident mortgagee,* can be stricken down by the application of the mortgagor for the benefit of our insolvent laws, or in any way interfered with by the trustee in insolvency. Such a power we have decided is not a naked power collateral to the grant, but is a power coupled with an interest in the premises, conveyed by the mortgage deed, intended for the benefit of the mortgagee, appendant to the estate and forming part of the security itself. *Berry vs. Skinner,* 30 *Md.,* 567. It follows that the order refusing the injunction must be affirmed.

*Order affirmed.*

(Decided 1st July, 1880.)